UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILL MERRICK, for herself, as a private attorney general, and/or on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM BRANDS OPCO LLC,<br><br>Defendant. | CASE NO. 2:25-cv-02291-JNW<br><br>ORDER TO SHOW CAUSE |
| GAYLA SUE BREACH, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM BRANDS OPCO LLC,<br><br>Defendant. | |

Plaintiffs Jill Merrick and Gayla Sue Breach filed separate putative class actions in King County Superior Court against Defendant Premium Brands Opco LLC ("Premium Brands"), the company that owns and operates LOFT. Dkt. No. 19 ¶¶ 1–2. Premium Brands removed both actions to this Court, asserting federal

jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *Id.*; Dkt. No. 1 at 2. Plaintiffs filed a consolidated amended class action complaint ("Amended Complaint"), alleging Premium Brands violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 20. Plaintiffs claim that LOFT sends emails with subject lines "advertising materially false percentage-off discounts or materially false 'free' offers, sales or offers that will end at a stated date when Loft does not intend to end the sales or offers on that date, and 'extended' sales or offers that were planned to continue through the claimed extension." *Id.* ¶ 45. Premium Brands moved to dismiss, arguing that Plaintiffs' CEMA claim is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), Plaintiffs do not adequately allege a CEMA violation under Federal Rule of Civil Procedure 9(b)'s heightened standard, and the CPA claim fails with the CEMA claim. Dkt. No. 28.

Before the Court can address Premium Brands' motion to dismiss, it must confirm its jurisdiction. Some courts in this District have found that named plaintiffs in similar CEMA/CPA class actions lack Article III standing and remanded the actions to state court. *See, e.g.*, *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's Int'l, Inc., State of Washington*, No. C25-1922-KKE, 2026 WL 2210133, at *3 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pled but then stayed the action pending the resolution of the Ninth Circuit appeals in *Montes v. Penney OpCo., LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. *See, e.g., Liss et al. v. Skechers USA Inc.*, No. 3:25-CV-

05861-DGE, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026); *Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, Dkt. No. 62 (W.D. Wash. Aug. 25, 2026).

Both parties touch on Article III standing but only in passing. Plaintiffs cite *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019) in describing their injury. Premium Brands also cites *Harbers* in a footnote to support its CAN-SPAM preemption argument. Dkt. Nos. 20 ¶ 38–39; 28 at 19 n.4. But no party squarely addresses whether Plaintiffs have Article III standing here. The Court will not decide this question without the parties' input, so it ORDERS as follows:

- Premium Brands must file a supplemental brief not to exceed five (5) pages by September 11, 2026, about whether Plaintiffs have Article III standing and, if so, whether the action should be stayed pending the *Montes* appeals.
- Plaintiffs must file a responsive supplemental brief not to exceed five (5) pages by September 18, 2026.
- The Clerk is DIRECTED to re-note the motion to dismiss, Dkt. No. 28, for September 18, 2026.

Dated this 28th day of August, 2026.

Jamal N. Whitehead
United States District Judge